UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICKOSSI COLE,

                            Plaintiff,

    -against-

KENYA PINKSTON; JOHN and JANE DOE 1 through 15 (individually and in their official capacities, the names John Doe and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.

1-16-cv-7908
ECF CASE

Plaintiff NICKOSSI COLE, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from a March 14, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped, detained, and arrested Mr. Cole without probable cause. Mr. Cole initially spent approximately 24 hours unlawfully in police custody.  Mr. Cole's case was ultimately resolved in his favor with is case being dismissed and the matter being sealed.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff NICKOSSI COLE ("Plaintiff" or "Mr. Cole") resided at all times in Bronx County, in the City and State of New York.

8. Defendant Keyna Pinkston, Shield No. 2486 ("Pinkston") was, at all times here relevant, a police officer employed by the MTA and as such was acting in the capacity of an agent, servant and employee of the City of New York and the Metropolitan Transportation Authority. Defendant Pinkston was, at the time relevant herein, a police officer under Shield # 2486. Defendant Pinkston is sued in her individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 15 were police officers, detectives, supervisors, policy makers and/or officials employed by the MTA. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 15.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 11 were acting as agents, servants and employees of the City of New York and the Metropolitan Transportation Authority. Defendants John and Jane Doe 1 through 15 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

State of New York, as well as the New York State Public Authorities Law.

## **FACTUAL CHARGES**

12. On March 14, 2015, at approximately 6:35PM, Mr. Cole was lawfully present inside of Grand Central Terminal located at 89 East 42nd Street, New York, NY.

13. At the time, Mr. Cole was at the location seated on a bench.

14. While lawfully present, Mr. Cole was not committing any crime or violating any law or local ordinance.

15. While Mr. Cole was at the location, Defendant Pinkston unlawfully stopped and detained Mr. Cole.

16. Defendants acting in concert, including Defendant Pinkston, searched Plaintiff's person without his authority or permission.

17. As a result of the search, Mr. Cole's personal effects were exposed to public view.

18. No contraband or anything of illegality was found on Mr. Cole.

19. Unidentified Defendants placed Mr. Cole in handcuffs.

20. Unidentified Defendants and Defendant Castiello, acting in concert, unlawfully handcuffed Mr. Cole in an excessively tight manner, causing pain and marks to his wrists.

21. Mr. Cole did not resist arrest.

22. During the unlawful seizure of Mr. Cole, Defendants acting in concert, including Defendant Pinkston, pepper sprayed Mr. Cole from a distance of less than a foot away and continued to spray a continuous stream of pepper spray in Plaintiff's face and eyes causing Plaintiff's eyes to become reddened and swollen as well as cause him great pain and discomfort, the extent of his injurious being still unknown today.

23. Plaintiff was later treated at the scene for his injuries by an EMT.

24. The Defendants did not observe Mr. Cole committing any crime or violating any law or local ordinance.

25. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Cole.

26. An unidentified Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Cole.

27. An unidentified Defendant and Defendant Pinkston later brought Mr. Cole to Central Booking.

28. Mr. Cole was unlawfully held in police custody for approximately 24 hours before being released.

29. Defendants, including Defendant Pinkston, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Cole's arrest.

30. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Cole without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Cole without probable cause.

31. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Cole and violate his civil rights.

32. As a direct and proximate result of the acts of Defendants, Mr. Cole suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

## **FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

33. The above paragraphs are here incorporated by reference as though fully set forth.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth.

37. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

38. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

40. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

42. The above paragraphs are here incorporated by reference as though fully set forth.

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Cole possessed a controlled substance, sold marihuana, and possessed marihuana.

45. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

46. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

52. The above paragraphs are here incorporated by reference as though fully set forth.

53. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

54. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

55. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

58. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 10,  29, 2016
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

_____
By: John Paul DeVerna (JD4332)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)